# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **Natty Paint LLC,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | |
| | § | Case No. 22-CV-1193-DII |
| **The Individuals, Business Entities,** | § | |
| **and Unincorporated Associations** | § | |
| **Identified on Exhibit 1,** | § | |
| *Defendants* | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE DISTRICT COURT**

Before the Court is Plaintiff Natty Paint LLC's Motion for Default Judgment and Permanent Injunction, filed April 18, 2023 (Dkt. 41). By Text Order entered May 16, 2023, the District Court referred the Motion to this Magistrate Judge for a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

### I.   Background

Plaintiff Natty Paint LLC sued 248 defendants for copyright infringement under 17 U.S.C. § 106. Dkt. 1 ¶¶ 28-34. Natty Paint now asks the Court to enter a default judgment and permanent injunction against 161 of those defendants ("Defaulting Defendants"). Dkt. 41-2.[1]

---

[1] The Defaulting Defendants are numbered 1, 2, 5 to 12, 14, 15, 17, 18, 20 to 22, 24 to 26, 28, 30 to 32, 35, 36, 38 to 44, 48 to 52, 55 to 60, 62, 64, 66 to 68, 72, 77, 78, 80, 83 to 86, 89, 93 to 98, 100, 102, 103, 105, 107 to 110, 117 to 124, 127, 128, 130 to 135, 137, 138, 140, 143, 146, 149 to 153, 156 to 162, 165 to 168, 170 to 178, 180, 183 to 185, 187, 189-90, 196 to 198, 201, 204, 205, 207, 209, 211, 213, 214, 216, 218 to 222, 224 to 226, 231, 232, 234 to 240, 244, and 246 to 248. Natty Paint voluntarily dismissed the other 87 Defendants. Dkts. 53, 59.

Natty Paint designs and sells jewelry. Dkt. 1 ¶ 14. Natty Paint alleges that it owns U.S. Copyright Registration No. VA 2-183-517 for a jewelry design titled "A Gentlewoman's Agreement" (the "Design"). *Id.* ¶¶ 13, 21-22 & Dkt. 2-31 (Certificate of Registration). The deposit materials submitted for the application display chain necklaces and bracelets with clasps in the shape of two shaking hands, including the excerpt below.



Dkt. 2-32 at 3.

The Defaulting Defendants sell products in Texas and "likely reside or operate in foreign jurisdictions." Dkt. 1 ¶¶ 2, 22-25. Natty Paint alleges that the Defaulting Defendants, "without authorization or license from [Natty Paint], knowingly and willfully advertised, offered for sale, and sold, and continue to willfully advertise, offer for sale, and sell" infringing products that are "substantially similar imitations" of Natty Paint's Design. *Id.* ¶¶ 21-22.

Natty Paint served its Complaint on the Defaulting Defendants on March 2, 2023. Dkt. 31. The Defaulting Defendants made no appearance and have failed to plead, respond, or otherwise defend this case. On March 27, 2023, the Clerk entered default against the Defaulting Defendants. Dkt. 38.

Natty Paint now asks the Court to enter a default judgment enjoining the Defaulting Defendants from selling the allegedly infringing products under 17 U.S.C. § 502. It also seeks statutory damages of $150,000 per defendant, attorneys' fees, and costs. Dkt. 41 at 6.

## II.     Legal Standard

Under Rule 55, a default occurs when a defendant fails to plead or otherwise respond to a complaint within the time required. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). After the defendant's default has been entered by the clerk of court, the plaintiff may apply for a judgment based on the default. *Id*. Even when the defendant technically is in default, however, a party is not entitled to a default judgment as a matter of right. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). There must be a sufficient basis in the pleadings for the judgment entered. *Nishimatsu Constr. Co. v. Hous. Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975).

After a default judgment, the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages. *United States v. Shipco Gen., Inc.,* 814 F.2d 1011, 1014 (5th Cir. 1987); *see also Nishimatsu,* 515 F.2d at 1206 (stating that the defendant, by default, "admits the plaintiff's well-pleaded allegations of fact"). But a default "is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover," and the defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Nishimatsu,* 515 F.2d at 1206.

Entry of a default judgment is within the court's discretion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Under Rule 55(b)(2), a court may hold a hearing to conduct an accounting, determine the amount of damages, or establish the truth of any allegation, but a hearing is unnecessary if the court finds it can rely on detailed affidavits and other documentary evidence

to determine whether to grant a default judgment. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). The Court finds that a hearing is unnecessary.

### III.   Analysis

In considering any motion for default judgment, a court must examine jurisdiction, liability, and damages. *Rabin v. McClain*, 881 F. Supp. 2d 758, 763 (W.D. Tex. 2012).

**A. Jurisdiction**

When a party seeks entry of a default judgment under Rule 55, "the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *Sys. Pipe & Supply, Inc. v. M/V VIKTOR KURNATOVSKIY*, 242 F.3d 322, 324 (5th Cir. 2001) (citation omitted). Because Natty Paint asserts claims under 17 U.S.C. § 106, it invokes the Court's original federal question subject matter jurisdiction under 28 U.S.C. § 1331.

A federal court may assert personal jurisdiction if (1) the state's long-arm statute applies, and (2) due process is satisfied under the Fourteenth Amendment to the United States Constitution. *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). In Texas, the long-arm statute authorizes exercise of jurisdiction over a nonresident to the full extent compatible with federal due process mandates. *Id.* Personal jurisdiction is proper if two requirements are met:

> First, the nonresident defendant must have purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with that forum state. Second, the exercise of jurisdiction over the nonresident defendant must not offend traditional notions of fair play and substantial justice.

*Felch v. Transportes Lar-Mex SA de CV*, 92 F.3d 320, 323 (5th Cir. 1996) (cleaned up).

To establish "minimum contacts," the defendant must have contacts giving rise to either specific or general jurisdiction. *Id.* at 324. In making a determination of "fairness," courts consider:

> (1) the burden upon the nonresident defendant; (2) the interests of the forum state; (3) the plaintiff's interest in securing relief; (4) "the interstate judicial system's interest in obtaining the most efficient resolution to

controversies"; and (5) "the shared interest of the several States in furthering fundamental substantive social policies."

*Bullion v. Gillespie*, 895 F.2d 213, 216 n.5 (5th Cir. 1990) (quoting *Asahi Metal Indus. Co. v. Superior Ct.*, 480 U.S. 102, 112 (1987)). Specific jurisdiction exists when (1) a nonresident defendant has purposefully directed its activities at the forum state, and (2) the litigation results from alleged injuries that arise out of or relate to those activities. *Diece-Lisa Indus., Inc. v. Disney Enters., Inc.*, 943 F.3d 239, 250 (5th Cir. 2019) (citations omitted).

The Court finds that Natty Paint has alleged facts sufficient to establish specific personal jurisdiction over the Defaulting Defendants. Natty Paint alleges that its injuries arose because the Defaulting Defendants "pursued sales from Texas residents by offering shipping to Texas" and have "induced sales of Infringing Products to residents of Texas." Dkt. 1 ¶ 10. Natty Paint also alleges that personal jurisdiction is proper under Rule 4(k)(2) because the Defaulting Defendants are "not subject to jurisdiction in any state's courts of general jurisdiction" and "exercising jurisdiction is consistent with the United States Constitution and laws." *Id.* ¶ 11.

Accepting these well-pleaded facts as true, the Court finds that this case arises out of the Defaulting Defendants' contact with Texas and that they purposefully directed their activities to and availed themselves of this forum. The Court also finds that exercise of jurisdiction over the Defaulting Defendants would not be inconsistent with the United States Constitution and laws or "offend traditional notions of fair play and substantial justice." *Felch*, 92 F.3d at 323. The Court therefore has specific personal jurisdiction over the Defaulting Defendants.

**B. Liability**

The Court next considers whether a default judgment is procedurally warranted and the Complaint sufficiently sets forth facts showing that Natty Paint is entitled to relief. *United States v. 1998 Freightliner Vin #:1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008).

1. **Default Judgment is Procedurally Warranted**

In determining whether a default judgment is procedurally warranted, district courts consider these six factors:

(1) whether material issues of fact are at issue;

(2) whether there has been substantial prejudice;

(3) whether the grounds for default are clearly established;

(4) whether the default was caused by a good faith mistake or excusable neglect;

(5) the harshness of a default judgment; and

(6) whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey*, 161 F.3d at 893.

The Court finds that default judgment is procedurally warranted. First, there are no material facts in dispute because the Defaulting Defendants have not filed an answer or any responsive pleadings. *Nishimatsu*, 515 F.2d at 1206 ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact . . . ."). Second, the Defaulting Defendants' "failure to respond threatens to bring the adversary process to a halt, effectively prejudicing [Natty Paint's] interests." *J&J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 814 (N.D. Tex. 2015) (citation omitted). Third, the grounds for default are clearly established: The Defaulting Defendants were "properly served and [have] failed to appear and participate at all, much less timely file a responsive pleading," and the Clerk has entered default against them. *Can Cap. Asset Servicing, Inc. v. Walker*, No. 1:17-CV-1147-RP, 2019 WL 2298703, at *2 (W.D. Tex. May 30, 2019). Fourth, the Court cannot find a good-faith mistake or excusable neglect because the Defaulting Defendants have failed to appear. Fifth, though Natty Paint seeks both monetary damages and injunctive relief, it seeks only that relief to which it is entitled under federal copyright

law, limiting the harshness of a default judgment. Sixth, "the Court is not aware of any facts that would obligate it to set aside the default if challenged" by the Defaulting Defendants. *Id.* For these reasons, the Court finds that default judgment is procedurally warranted.

### 2. There is a Sufficient Basis for Judgment in the Pleadings

The Court next determines whether there is a sufficient basis in the pleadings for the judgment requested. Natty Paint asserts a claim under Section 106 of the Copyright Act. An action for copyright infringement "requires the plaintiff to prove ownership of a valid copyright and copying by the defendant." *Norma Ribbon & Trimming, Inc. v. Little*, 51 F.3d 45, 47 (5th Cir. 1995). "Copyright ownership is shown by proof of originality and copyrightability in the work as a whole and by compliance with applicable statutory formalities." *Batiste v. Lewis*, 976 F.3d 493, 501 (5th Cir. 2020) (citation omitted).

A certificate of registration is prima facie evidence both that a copyright is valid and that the registrant owns the copyright. *Id.*; 17 U.S.C. § 410(c). A defendant may rebut that presumption by presenting evidence to disprove the validity of the copyright or by "demonstrating that the work at issue is unprotectable." *Jane Envy, LLC v. Infinite Classic, Inc.*, Nos. SA:14-CV-065-DAE, SA:14-CV-081-DAE, SA: 14-CV-083-DAE, 2016 WL 797612, at *4 (W.D. Tex. Feb. 26, 2016).

To demonstrate copying, the second element of copyright infringement, a plaintiff must prove factual copying and substantial similarity. *Amazing Spaces, Inc. v. Metro Mini Storage*, 608 F.3d 225, 251 (5th Cir. 2010). Copying "may be inferred from (1) proof that the defendant had access to the copyrighted work prior to creation of the infringing work and (2) probative similarity." *Peel & Co. v. Rug Mkt.*, 238 F.3d 391, 394 (5th Cir. 2001). "A strong showing of probative similarity can make up for a lesser showing of access," and factual copying may be shown "without any proof of access if the works are strikingly similar." *Batiste*, 976 F.3d at 502.

A defendant acts "willfully" under the Copyright Act when he "knows his actions constitute an infringement." *Broad. Music, Inc. v. Xanthas, Inc.*, 855 F.2d 233, 236 (5th Cir. 1988).

Natty Paint alleges that:

(1) It owns a valid copyright in the Design, Dkt. 1 ¶ 13;

(2) it "has widely used the Design to sell the Products both in the United States and throughout the world via the Internet," *id.* ¶ 16;

(3) the Defaulting Defendants "have full knowledge of [Natty Paint's] ownership of the Design" and "are using, advertising, distributing, selling, or offering for sale the Products on the Infringing Webstores using substantially similar imitations of the Design," *id.* ¶¶ 20-21; and

(4) the Defaulting Defendants' infringement was willful, *id.* ¶ 31.

Natty Paint attached to its Complaint images of each Defaulting Defendant's offer of allegedly infringing products, including this necklace and bracelet by Defendant 1:



Dkt. 2-3 at 1. By failing to answer, the Defaulting Defendants have admitted these facts. *Nishimatsu*, 515 F.2d at 1206. The Court finds that these well-pleaded facts are sufficient to establish Natty Paint's claim for copyright infringement.

8

## C. Relief

Having found that the motion for default judgment should be granted and judgment entered in favor of Natty Paint, the Court must determine the appropriate relief. Natty Paint seeks a permanent injunction, statutory damages of $150,000 against each Defaulting Defendant, and attorneys' fees and costs. Dkt. 41 at 16-17.

### 1. Injunctive Relief

Natty Paint asks the Court to permanently enjoin the Defaulting Defendants from "continuing their infringing use of the Infringing Products." *Id.* The Copyright Act permits a court to issue a permanent injunction "on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). Courts apply a four-factor test to determine whether to issue a permanent injunction.

> A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). "Often times the concepts of 'irreparable injury' and 'no adequate remedy at law' are indistinguishable." *Lewis v. S. S. Baune*, 534 F.2d 1115, 1124 (5th Cir. 1976); *see also Louisiana v. Biden*, 55 F.4th 1017, 1033-34 (5th Cir. 2022) ("A showing of irreparable harm requires a demonstration of harm for which there is no adequate remedy at law." (citation omitted)).

The Court finds that all four factors weigh in favor of issuing a permanent injunction. The first two factors are satisfied by Natty Paint's showing that the Defaulting Defendants operate under "aliases and foreign accounts" and so could continue to infringe the Design, which would require it "to file further, identical copyright infringement actions." Dkt. 41 at 17. For the third factor, the

9

Court finds that the harm from enjoining the Defaulting Defendants would not outweigh Natty Paint's injuries, and a remedy in equity is warranted. The Court also finds that a permanent injunction would not disserve the public interest. Therefore, this Magistrate Judge recommends that the District Court enjoin the Defaulting Defendants from infringing Natty Paint's Design.

### 2. Statutory Damages

The Copyright Act permits a plaintiff to recover statutory damages "with respect to any one work . . . in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). When, as here, a court finds that the copyright infringement was committed willfully, "the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2). A court's discretion to set the award is "virtually unfettered." *Gunshowtees.com, LLC v. Rallis*, No. 1:18-CV-796-RP, 2019 WL 9654864, at *4 (W.D. Tex. June 28, 2019) (quoting *Cullum v. Diamond A Hunting, Inc.*, 484 F. App'x 1000, 1002 (5th Cir. 2012)). In calculating a damage award, courts consider "both restitution and deterrence when formulating the 'just' amount of damages." *Jane Envy*, 2016 WL 797612, at *16 (citation omitted).

The Court finds that Natty Paint is entitled to statutory damages for the Defaulting Defendants' willful infringement of its Design. Although Natty Paint requests maximum statutory damages of $150,000, this Magistrate Judge finds Natty Paint has not shown such an amount would be just and that an award of $10,000 from each Defaulting Defendant is sufficient for restitution and deterrence. *See Norrell v. Does 1-133*, 1:23-cv-00238-RP, 2023 WL 5803706, at *6 (W.D. Tex. Sept. 6, 2023) (recommending award of $10,000 for each willful infringement), *R. & R. adopted*, 2023 WL 6892026 (Oct. 19, 2023); *Jane Envy*, 2016 WL 797612, at *16 (awarding $12,000 for willful infringement of jewelry designs); *Berg v. Symons*, 393 F. Supp. 2d 525, 548 (S.D. Tex. 2005) (awarding $2,000 for infringement of jewelry designs that was not willful).

### 3. Attorneys' Fees and Costs

Natty Paint also asks the Court to award attorneys' fees and costs. Dkt. 41 at 16. The Copyright Act permits a court in its discretion to award attorneys' fees and costs to a prevailing party. 17 U.S.C. § 505. In exercising its discretion, a court must make a "particularized, case-by-case assessment," and may use "'several nonexclusive factors' to inform [its] fee-shifting decisions: 'frivolousness, motivation, objective unreasonableness, and the need in particular circumstances to advance considerations of compensation and deterrence.'" *Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197, 202 (2016) (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533, 534 n.19 (1994)).

If the District Court adopts this Report and Recommendation, Natty Paint will prevail on its claims. The Court finds that this case is neither frivolous nor unreasonable, and that it may serve to compensate Natty Paint and deter other infringers. Considering all relevant factors, this Magistrate Judge recommends that the District Court award Natty Paint its full attorneys' fees and costs, subject to submission of an accounting detailing its fees and costs and supporting affidavit.

## IV.   Recommendation

For these reasons, this Magistrate Judge **RECOMMENDS** that the District Court **GRANT** Plaintiff Natty Paint LLC's Motion for Default Judgment and Permanent Injunction against the Defaulting Defendants, **ENTER DEFAULT JUDGMENT** against each Defaulting Defendant under Rule 55(b), and enter a permanent injunction preventing the Defaulting Defendants from infringing Natty Paint's copyright in the "A Gentlewoman's Agreement" design and from displaying for sale, selling, or distributing the infringing products.

The Court further **RECOMMENDS** that the District Court award Natty Paint:

(1) $10,000 in statutory damages under 17 U.S.C. § 504(c) from each Defaulting Defendant, and

(2) Attorneys' fees and costs, to be determined after Natty Paint submits a declaration of fees and costs.

It is **ORDERED** that the Clerk **REMOVE** this case from the Magistrate Court's docket and **RETURN** it to the Honorable District Court.

## V. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. See *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. See 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on November 8, 2023.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE